# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL NO. 3:08-1039 |
| v. | ) | |
| | ) | JUDGE TRAUGER |
| $196,340.00 United States Currency, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

Plaintiff, United States of America, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, has moved for a Default Judgment and Final Order of Forfeiture forfeiting the Defendant Property in the above-captioned case to the United States of America.

On October 27, 2008, the United States of America filed a Verified Complaint *In Rem* seeking forfeiture of the above-captioned Defendant Property, alleging that the Defendant Property constitutes currency furnished, or intended to be furnished in exchange for a controlled substance or listed chemical; and/or currency traceable to such an exchange; and/or currency used or intended to be used facilitate, the knowing or intentional manufacture, distribution or dispensation of a controlled substance; and/or was possessed with the intent to manufacture, distribute or dispense, a controlled substance a violation of 21 U.S.C. § 841(a)(1) and is, therefore forfeitable pursuant to 21 U.S.C. § 881(a)(6). (D.E. 1).

Based upon the facts contained in the Affidavit filed in support of the Verified Complaint *in Rem*, the government has established, by a preponderance of the evidence, the requisite nexus between the Defendant Property and the offenses alleged in the Verified Complaint *in Rem. (*D.E. 2).

Pursuant to Summons and Warrant for Arrest *In Rem* issued by the Clerk of this Court on October 27, 2008 (D.E. 3-1), the United States Marshal's Service executed the Warrant and Summons for Arrest against Defendant Property on November 3, 2008 (D.E. 4).

On October 27, 2008, Eugene D. Brice, Jr., was served, via certified mail, return receipt, with a copy of the Verified Complaint *In Rem* and Notice of Judicial Forfeiture Proceedings (D.E.9), who filed a timely claim (D.E. 5) and Answer (D.E. 8); however, resolution of Eugene D. Brice's interest was subject to a separately filed Motion and Order before the Court which was made pursuant to Federal Rules of Civil Procedure 55(a). (D.E. 21 and 22).

On November 10, 2009 and January 22, 2010, Dale Emerson Seigfreid, was served, via certified mail, return receipt, with a copy of the Verified Complaint *In Rem* and Notice of Judicial Forfeiture Proceedings. (D.E. 18).

Pursuant to the Notice of Judicial Forfeiture Proceedings, all persons claiming an interest in Defendant Property were required to file their verified claims with the Clerk of this Court within thirty-five (35) days from service of the Verified Complaint *In Rem*, and Notice of Judicial Forfeiture.

Pursuant to said notice, all persons claiming an interest in Defendant Property were required to file their verified claims with the Clerk of this Court within thirty (30) days from the last date of publication of the Notice.

Public notice to all persons of said forfeiture action was also advertised on-line at "www.forfeiture.gov," the official internet government forfeiture site, for 30 consecutive days beginning on October 29, 2008, and ending on November 27, 2008. (D.E. 10).

Pursuant said notice, all persons claiming an interest in Defendant Property were required

to file their verified claims with the Clerk of this Court within sixty (60) days from the first date of publication of the Notice.

No person or entity has filed a Verified Claim within the time permitted by Title 18, United States Code, Section 983(a)(4)(A), and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

The Clerk of this Court has entered a default as to all persons and entities claiming an interest in Defendant Property, pursuant to Rule 55(a) Federal Rules of Civil Procedure. (D.E. 23).

The United States has now moved for entry of a Default Judgment and this Court is of the opinion that the Motion of the United States for Default Judgment should be granted and Default Judgment be entered as to all persons or entities who may claim to have an interest in the Defendant Property. Further, the Court finds by a preponderance of the evidence that the Verified Complaint for Forfeiture establishes that the Defendant Property constitutes currency furnished, or intended to be furnished in exchange for a controlled substance or listed chemical; and/or currency traceable to such an exchange; and/or currency used or intended to be used facilitate, the knowing or intentional manufacture, distribution or dispensation of a controlled substance; and/or was possessed with the intent to manufacture, distribute or dispense, a controlled substance a violation of 21 U.S.C. § 841(a)(1), and is, therefore, subject to seizure and forfeiture under the provisions of 21 U.S.C. § 881(a)(6), and, therefore, a Final Order of Forfeiture should be entered.

The Motion of the United States for Default Judgment and Final Order of Forfeiture is hereby GRANTED. Therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1.      A Judgment by Default is hereby entered as to Dale Emerson Seigfreid and all other

3

persons or entities (with the exception of Eugene D. Brice, Jr., whose interest has been separately resolved) with respect to any interest they may have in the Defendant Property.

2.      The government has established, through the facts set forth in the complaint and affidavit, by a preponderance of the evidence that there is a nexus between the Defendant Property and the offenses alleged in the Verified Complaint *in Rem* such that the Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

3.      The Defendant Property more particularly described as $196,340.00 United States Currency, is hereby forfeited to the United States of America, and all right, title and interest in and to said property is hereby vested in the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

4.      The United States Marshal's Service, as custodian of said forfeited property, shall dispose of the same according to law.

5.      The Clerk of this Court shall provide the United States Attorney's Office and the United States Marshal's Service with a certified copy of this order.

Dated on this the _20th_ day of April, 2010.

JUDGE TRAUGER
UNITED STATES DISTRICT JUDGE

4